IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| 615 SW AMBAUM CONDO ASSOCIATION,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>ASPEN SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant(s). | NO.<br><br>NOTICE OF REMOVAL |

Defendant, Aspen Specialty Insurance Company ("Aspen"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *615 SW Ambaum Condo Association v. Aspen Specialty Insurance Company*, Case No. 23-2-04362-6 KNT on the docket of the Superior Court of the State of Washington for King County. In support of its Notice of Removal, Aspen respectfully represents as follows:

**STATE COURT ACTION**

1. Plaintiff commenced the captioned action by filing a Complaint in the Superior Court of the State of Washington for King County on March 9, 2023.

2. Summons was issued by the Superior Court of the State of Washington for King County on March 9, 2023 and served upon Aspen on March 15, 2023. A true and correct copy of

NOTICE OF REMOVAL - 1
5900561  11006-0002
NO. _____

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

the Notice, Summons and Complaint, are attached herein as Exhibit A *in globo*. A copy of the declaration of service confirming service on March 15, 2023, in Hartford, Connecticut, is attached as Exhibit E.

3. In the Complaint, Plaintiff alleges its property located at 615 SW Ambaum Boulevard, Burien, King County, Washington (the "Insured Property") sustained a loss due to a fire on or about March 13, 2021. *See* Exhibit A, Complaint, ¶¶3.1, 3.2.

4. Plaintiff alleges Aspen issued a policy of insurance providing coverage for the damages resulting from the fire ("the Policy") and has not paid all monies owed to Plaintiff under the Policy. *See* Exhibit A, Complaint, ¶3.3, 3.4.

5. The Policy affords $2,105,000.00 in Building coverage for the Insured Property. *See* Exhibit B, Aspen Commercial Property Policy Common Policy Declarations and Location Schedule. Aspen paid Plaintiff $1,926,613.54 of the Policy's Building coverage limits through September 13, 2022. *See* Exhibit C, Aspen Supplemental Payment Letter of September 13, 2022.

## PARTIES

6. Plaintiff is a Washington Nonprofit Corporation with its principal place of business in King County, Washington. *See* Exhibit D, 615 SW Ambaum Condominium Association Business Information, Washington Office of the Secretary of State.

7. Aspen is a corporation organized under the laws of North Dakota, with its principal place of business in New York.

## AMOUNT IN CONTROVERSY

8. The removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F,3d 398, 404 (9th Cir. 1996). The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation. *Theis*

NOTICE OF REMOVAL - 2
5900561  11006-0002
NO. _____

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

*Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[I]n assessing the amount in controversy, a court must 'assume the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In addition, LCR 101(a) states:

> If the complaint filed in state court does not set forth the dollar amount prayed for, a removal petition shall nevertheless be governed by the time limitation of 28 U.S.C. § 1446(b) if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this court. The notice of removal shall in that event set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being sought.

9. Plaintiff alleges it is entitled to the "full benefit of the Policy and all its contractual and extracontractual damages arising from Aspen's conduct," costs and attorneys' fees under the Consumer Protection Act, treble damages under the Consumer Protection Act, and pre-judgment interest on the amount of insurance benefits awarded. (Complaint, Relief Requested, ¶¶ 1-6).

10. After Aspen's payments to Plaintiff, $178,386.46 remains under the Building coverage of the Policy. Accordingly, the "full benefit" of the policy, Plaintiff's alleged contractual damages in controversy, alone exceed $75,000.00. Additionally, where an underlying statute such as the Consumer Protection Act authorizes an award of attorney's fees, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A reasonable estimate of attorney's fees likely to be expended throughout the entire litigation is properly included within the amount in controversy. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

11. After combining the contractual damages, extracontractual damages, attorneys' fees, and treble damages under the Consumer Protection Act, Aspen has shown by a

NOTICE OF REMOVAL - 3
5900561  11006-0002
NO. _____

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

preponderance of the evidence that the amount in controversy requirement for diversity jurisdiction is met.

## DIVERSITY JURISDICTION

12. There is complete diversity of citizenship between Plaintiff and Defendant. For the purposes of determining jurisdiction under 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Washington, and Defendant is a corporation organized under the laws of the State of North Dakota with its principal place of business in the State of New York.

13. As set forth above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441.

## REMOVAL PROCEDURE

15. Removal of a civil action "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). This Notice of Removal is filed within 30 days of service of the Complaint upon Aspen and is therefore timely. See Exhibit E.

16. Removal to the United States District Court for the Western District of Washington at Seattle is proper because this district encompasses King County, Washington. 28 U.S.C. § 1441(a); LCR 3(e).

17. A true and correct copy of the Complaint is filed with this Notice of Removal. LCR 101(b). Aspen will file, within 14 days of this filing, copies of all additional records and proceedings from the state court, together with defense counsel's verification that they are true and complete copies of all records from the state court proceedings pursuant to LCR 101(b).

NOTICE OF REMOVAL - 4
5900561  11006-0002
NO. _____

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

18. Pursuant to 28 U.S.C. § 1446(d), Aspen will promptly give notice to Plaintiff that this action has been removed to this Court, and Aspen will file a copy of this Notice of Removal with the King County Superior Court for the State of Washington.

19. By filing this Notice of Removal, Aspen does not waive, but rather expressly reserves all rights, defenses, and objections of any nature that it may have to Plaintiff's claims, including all defenses related to improper service of process and lack of personal jurisdiction. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 131–32 (3d Cir. 2020) ("On removal, a defendant brings its defenses with it to federal court. This is because '[t]he [federal court's] jurisdiction exercised on removal is original not appellate.' Removal does not cure jurisdictional defects, so defendants can still challenge jurisdiction after removal.") (internal citations omitted).

## CONCLUSION

20. WHEREFORE, Defendant, Aspen Specialty Insurance Company, hereby removes the above-entitled action from the King County Superior Court for the State of Washington to the United States District Court for the Western District of Washington in Seattle.

DATED this 13th day of April, 2023.

PREG O'DONNELL & GILLETT

By: /s/ Justin E. Bolster
    Justin E. Bolster, WSBA #38198
    Counsel for Defendant

NOTICE OF REMOVAL - 5
5900561  11006-0002
NO. _____

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

### DECLARATION OF SERVICE

I hereby declare that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record listed below:

**Counsel for Plaintiff**:
Kasey D. Huebner, Esq.
Gordon Tilden Thomas & Cordell, LLP
600 University Street, Suite 2915
Seattle, Washington 98101
khuebner@gordontilden.com

DATED at Seattle, Washington, this 13th day of April, 2023.

/s/ Justin E. Bolster
Justin E. Bolster, WSBA #38198

NOTICE OF REMOVAL - 6
5900561  11006-0002
NO. _____

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113